UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICKY SLOTH,

                 Plaintiff,
v.

CONSTELLATION BRANDS, INC., JOHN BOGNASKI,
JOHN ELLIOT, SHELDON RICHARDSON,
BARBARA BAGSHAW, CLAYTON BROWER, individually
and in their Official Capacities

                 Defendants.
_____

**DECISION
and ORDER**

11-CV-6041T

## INTRODUCTION

Plaintiff Vicky Sloth ("Sloth"), brings this employment discrimination claim against the defendants claiming that she was sexually harassed during the entire course of her 28-year employment with defendant Constellation Brands, ("Constellation") and retaliated against for complaining of sexual harassment. By Decision and Order dated June 8, 2012, I granted in-part and denied in-part defendants' motion to dismiss, or, in the alternative, for summary judgment. Specifically, I dismissed the majority of plaintiff's claims, but permitted her to proceed on her federal and state claims of hostile work environment and quid pro quo sexual harassment against defendant Constellation, and her state law claims of hostile work environment and quid pro quo sexual harassment against defendant Bognaski.

Thereafter, defendants moved for reconsideration of this court's June 8, 2012 Decision and Order arguing that this court failed to give appropriate consideration to findings of fact made

by the New York State Workers' Compensation Board ("the Board", "Compensation Board" or "WCB") in a case denying plaintiff's claim for worker's compensation benefits. Defendants contended that this court was required to adopt the findings of the Compensation Board, or at the very least, give substantial weight to the factual findings of the Board. Defendants argued that if the Board's findings were given appropriate weight, the defendants would have been entitled to summary judgment because the findings of the Board establish that the plaintiff did not suffer any sexual harassment or discrimination, nor was she retaliated against. Defendants further contended that the court failed to appropriately calculate the tolling period for plaintiff's state law claims, and failed to address defendants' request that plaintiff's retaliation claims be dismissed.

By Decision and Order dated February 19, 2013, I denied defendants' motion for reconsideration. Specifically. I held that plaintiff was not prohibited by the doctrines of res judicata or collateral estoppel from litigating her discrimination claims in this court, and that the findings of the Workers' Compensation Board were not entitled to substantial weight such that they would preclude the plaintiff from proceeding on her claims in this court. I further held that this court properly calculated the tolling period for plaintiff's state law claims. Finally, I found that the plaintiff had stated a prima facie case of retaliation, and that

disputed questions of fact precluded any grant of summary judgment at that time.

Defendants now seek, for a second time, reconsideration of this court's holding that the findings of a New York State Worker's Compensation Board do not preclude the plaintiff from proceeding with her employment discrimination action in this court. Although this court, on two separate occasions, has clearly and thoroughly explained why the defendants' legal argument on this point is unequivocally flawed, defendants return for a third time asking the court to adopt the findings of the New York State Workers' Compensation Board, and prevent the plaintiff from pursuing her state-law employment discriminations claim in federal court because she failed to prove to a New York State administrative agency that she suffered a compensable work-related injury while employed by the defendant Constellation Brands. In this third attempt, defendants cite in support of their argument a recently issued decision of the New York State Court of Appeals holding that the findings of a Workers' Compensation Board regarding the duration of a claimant's disability would be given preclusive effect in a subsequent negligence action where the duration of the plaintiff's disability was at issue. <u>See</u> <u>Auqui v. Seven Thirty One Limited Partnership</u>, 20 N.Y.3d 1035, 1037 (February 14, 2013). According to the defendants, the decision in <u>Auqui</u> establishes that the findings of State administrative bodies are entitled to preclusive effect in subsequent court actions, and therefore, this court must

adopt the findings of the Workers' Compensation Board in this action. Defendants argue in the alternative that if the court is unwilling to grant its motion for reconsideration, the court should certify the issue of the preclusive effect of an agency's findings on state causes of action for interlocutory appeal to the Second Circuit Court of Appeals.

For the third, and what should be the _final_ time, I deny defendants' request to adopt the findings of the New York State Workers' Compensation Board, and conclude that those findings preclude the plaintiff from proceeding on her remaining state law claims of employment discrimination in this pending case. I have clearly and extensively explained on two occasions, on June 8, 2012, and February 19, 2013, why the findings of the WCB will not be given preclusive effect in this action.

For defense counsel's benefit, and in the interest of clarity, I will review once more some of the reasons I have previously given for not affording preclusive effect to the findings of the WCB. Initially, and perhaps most importantly, the decision of whether or not a prior finding should be given preclusive effect is discretionary with the court. The term "discretionary" means "left to discretion or individual judgment." Webster's Third New International Dictionary of the English Language, Unabridged, at p. 647 (2002). Accordingly, even if all elements were ripe for application of collateral estoppel (and here they are not) it is

within a judge's <u>discretion</u> to either apply, or not apply, collateral estoppel, based on his own individual judgment. As I stated in my February 19, 2013 Decision and Order:

> "[C]ollateral estoppel is a flexible, equitable doctrine that requires a case-by-case analysis of the facts and realities of a particular litigation, and should not be rigidly or mechanically applied." <u>White v. Frize</u>, 827 N.Y.S.2d 302, 304 (3rd Dept., 2006); <u>Sinisgallo v. Town of Islip Housing Authority</u>, 865 F.Supp.2d 307, 335 (E.D.N.Y., 2012). Moreover, under New York Law, even in cases where all of the elements of collateral estoppel have been satisfied, "it lies within the discretion of the trial court whether to apply the doctrine of collateral estoppel, and the doctrine need not be applied even if all of the prerequisites to the doctrine have been met". <u>Calhoun ex rel. Children's Rights Initiative, Inc. v. Ilion Cent. School Dist.</u>, 936 N.Y.S.2d 438, 441 (4th Dept., 2011); <u>Sinisgallo</u>, 865 F.Supp.2d at 335.

February 13, 2013 Decision and Order at p. 19. Again, the discretionary nature of the application of collateral estoppel cannot be stated more clearly: it is up to each individual judge to decide on a case-by-case basis as to whether or not collateral estoppel will be applied. On June 8, 2012, after reviewing the facts of this case, I decided, in the rightful exercise of discretion afforded judges under New York Law, that application of collateral estoppel was inappropriate in this case. Defendants, however, for reasons best known to them, have failed to accept that the application of collateral estoppel is not mandatory, but

instead is discretionary, and have now twice asked the Court to revisit the issue. That request is, again, denied.

Secondly, as discussed at length in my June 8, 2012, and February 13, 2013 Decisions, collateral estoppel is not appropriate in this case because there is no identity of issue between the findings of the Workers' Compensation Board and the issues presented here. That point has been clearly explained on multiple occasions. It is black letter law that collateral estoppel may only be invoked when, <u>inter alia</u>, the issue sought to be precluded is <u>identical</u> to the issue previously litigated. I explained in my previous decisions why the issues presented to the WCB were not identical to the issues presented here. To emphasize the dissimilarity in the issues presented to the WCB and the employment discrimination action here, I invoked defense counsel's own words recognizing the distinction between the issues brought before the WCB and those brought in an employment discrimination claim. As I stated 10 months ago:

> My holding that the workers' compensation issues decided by the Board are distinct from the discrimination issues raised here is supported by the position taken by the defendants during the workers' compensation proceedings. In the workers' compensation proceedings before Judge McEvoy, counsel for the defendants explained to Judge McEvoy that there were two separate proceedings between the parties: the workers' compensation proceeding, and the employment discrimination proceeding before the Equal Employment Opportunity Commission ("EEOC"). See Deposition Transcript of Cynthia Helker before

> the Workers' Compensation Board at p. 170.
> When Judge McEvoy suggested that the two cases
> were essentially the same, counsel for
> Constellation responded "[w]ell, no, they're
> different statutes, they are different
> standards of proof, <u>a different legal issue
> entirely</u>." <u>Id</u>. at 171. (emphasis added).

February 13, 2013 Decision and Order at p. 17.

So, at least prior to these proceedings, defendants' counsel was in agreement with this court that discrimination issues were "entirely" different from workers' compensation issues and were subject to different statutes and different standards of proof. In this second motion for reconsideration, counsel has not addressed why its previous representations that the issues presented to the WCB and the EEOC are "entirely" different should be ignored.

Turning to the <u>Auqui</u> case, cited by the defendants as "an intervening change in and important clarification of the controlling law in New York" I find that the determination by the court in <u>Auqui</u> (that a finding by a Workers' Compensation Board with respect to the duration of a claimant's disability could have preclusive effect in a subsequent personal injury action on the issue of the duration of plaintiff's disability) is unremarkable with respect to the instant action. In <u>Auqui</u>, the Court of Appeals held that because there was an identity of issue between the necessary findings of the Workers' Compensation Board and the issues litigated in a subsequent personal injury action, preclusion in the tort action based on the WCB's findings was appropriate. In

7

this case, as this Court has repeatedly held, there is no identity of issues between the findings of the Board and the issues litigated here. Accordingly, the holding in <u>Auqui</u> does not dictate a different result here.

Even more damaging to the defendants' reliance on the <u>Auqui</u> decision is the fact that the New York State Court of Appeals has recently vacated the decision cited by the defendants, and has now decided that because there was an insufficient identify of issues between the findings made by the Workers' Compensation Board and the issues litigated in the claimant's subsequent personal injury litigation, collateral estoppel would not preclude the plaintiff from litigating issues regarding the extent and/or duration of his injury or disability. <u>See</u> <u>Auqui v. Seven Thirty One Limited Partnership</u>, 2013 WL 6410441 (December 10, 2013). Echoing language used in my previous decisions in this matter, the Court of Appeals in the most recent <u>Auqui</u> decision recognized that "[w]hether collateral estoppel should be applied in a particular case turns on general notions of fairness" and that the doctrine of collateral estoppel is "a flexible doctrine [that] is applied more flexibly in the context of the determinations of administrative agencies." <u>Id.</u> (internal quotations omitted). The Court of Appeals then explained why the issues litigated before the Workers' Compensation Board and the plaintiff's personal injury action were not sufficiently similar such that collateral estoppel would apply. Just as the

*Auqui* court in its most recent decision found that there was no identity of issues between the issues decided by the WCB and the issues presented in the state court personal injury litigation, I find that there is no identity of issue between the findings made by the WCB in plaintiff's compensation case and her discrimination claims made here in support of her State law cause of action. Accordingly, I deny defendant's motion for reconsideration.

Finally, defendants argue that the court should reconsider its decisions regarding the tolling of the applicable statute of limitations, or, in the alternative, certify the questions regarding tolling and collateral estoppel for interlocutory appeal to the Second Circuit Court of Appeals. Defendants' motions are denied. There is no basis for certifying the question regarding collateral estoppel, as this court's decision relies on well established and oft-repeated common law standards regarding the application of collateral estoppel under New York law. With respect to the tolling of state law claims, that issue is not a threshold issue that need be decided prior to plaintiff proceeding with her federal claims of employment discrimination. Even if defendants were to prevail on their tolling claims, such a result would not impact plaintiff's federal claims, and any modification by an Appeals Court of this court's finding with respect to the tolling period of plaintiff's state law claims could be easily implemented.

## CONCLUSION

For the reasons set forth above, I deny defendants' motion for reconsideration or in the alternative for certification.


ALL OF THE ABOVE IS SO ORDERED.

                                   S/ Michael A. Telesca
                                   _____
                                       Michael A. Telesca
                                   United States District Judge

DATED:      Rochester, New York
            December 16, 2013